IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LORRAINE SAVADGE, | * |
| Plaintiff | * |
| v. | * Civil Action No.: 8:16-cv-00155-TDC |
| WASHINGTON METROPOLITAN AREA TRANSPORTATION AUTHORITY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS, MV TRANSPORTATION, INC. AND WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MOTION FOR RECONSIDERATION OF THIS COURT'S MARCH 9, 2016 ORDER DISMISSING COMPLAINT AND REMANDING CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

COME NOW Defendants, MV Transportation, Inc. (hereinafter "MV") and Washington Metropolitan Area Transit[1] Authority (hereinafter "WMATA") (collectively, "Defendants"), by their undersigned attorneys, and hereby moves for reconsideration of this Honorable Court's March 9, 2016 Order dismissing the Complaint and remanding the case to the Circuit Court for Prince George's County. ECF No. 19. In support of this Motion, Defendants state as follows:

1. This is a civil complaint wherein one Plaintiff, Lorraine Savadge, is suing three Defendants, WMATA, MV, and Ezra Porter, seeking compensatory damages "in excess of $75K" and punitive damages "in excess of $75k" for bodily injuries allegedly sustained on April 19, 2013 in Prince George's County, Maryland. *See generally* Complaint. Suit was originally filed on September 8, 2015, and the Petitioners/Defendants, MV and WMATA, were originally served, respectively, on January 4, 2016 and January 6, 2016. (*See* Maryland Judiciary Case Search Results, attached hereto as Exhibit A).

---

[1] Plaintiff has mistakenly named WMATA as "Washington Metropolitan Area *Transportation* Authority" in her Complaint. WMATA presumes this error is typographical in nature.

1

2. MV and WMATA timely filed their Notice of Removal on January 20, 2016. *See* ECF No. 1. In their Notice of Removal, MV and WMATA noted that the request for the removal of the case was being made pursuant to 28 U.S.C. §1441(a) *and also* 28 U.S.C. §1446, and as amended, reprinted at Md. Transp. Code Ann. §10-204(2008).

3. Specifically, MV and WMATA contended that the above-entitled action is one in which this Court has *original* jurisdiction pursuant to Title 28 U.S.C. §1332 and WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at Md. Transp. Code Ann. §10-204(2008). *See* ECF No. 1.

4. On February 11, 2016, this Honorable Court issued an Order indicating that there was a "unanimity requirement" and that all defendants "must consent" to the removal to be properly removed. (*See* ECF No. 18). This Court indicated that Defendant, Ezra Porter, who is currently unrepresented and incarcerated, was required to indicate his consent to the removal, "either directly or through his co-defendants" within 21 days of the Court's Order. (*See* ECF No. 18). Subsequently, on March 9, 2016, this Honorable Court then issued an Order dismissing the Complaint and remanding it back to the Circuit Court for Prince George's County. (*See* ECF No. 19).

5. The Federal Rules of Civil Procedure indicate that when "[w]hen a civil action is removed *solely* under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added). However, this case was not "solely" removed pursuant to 28 U.S.C. §1441(a); it was also removed pursuant to 28 U.S.C. §1446, and as amended, reprinted at Md. Transp. Code Ann. §10-204(2008). "WMATA enjoys sovereign immunity as a result of the interstate WMATA Compact's signatories conferring their respective sovereign immunities upon it." *Tinsley v. Washington Metropolitan Area Transit*

*Authority*, 429 Md. 217. (2012). As part of WMATA's sovereign immunity, "[t]he United States District Courts shall have **original** jurisdiction, concurrent with the courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against the Authority and to enforce subpoenas issued under this title. Any such action initiated in a State or District of Columbia court **shall be removable** to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446)." MD. CODE ANN., TRANSP. § 10-204 (West) (emphasis added).

6. Accordingly, because the United States District Court for the District of Maryland has original jurisdiction over the above captioned case, and because the case is not being removed "solely" pursuant to 28 U.S.C. §1441(a), it is not necessary for all Defendants to consent to the Notice of Removal. That an unrepresented and incarcerated Defendant did not indicate his consent does not and should not affect WMATA's right to remove this case to the proper venue, which is the United States District Court for the District of Maryland.

7. Furthermore, MV and WMATA made significant efforts to contact Defendant, Ezra Porter to obtain his consent, but as he is incarcerated in a correctional facility in Westover, Maryland, the only way to obtain his consent was to go out to the correctional facility in person and obtain an Affidavit from Defendant, Ezra Porter. Counsel for MV and WMATA made such arrangements; however, the earliest date upon which counsel for MV and WMATA could meet with Defendant, Ezra Porter, was on March 10, 2016. At that meeting, Defendant, Ezra Porter, conveyed his consent and provided an Affidavit in support of same. (*See* Ezra Porter Affidavit, attached hereto as Exhibit B). MV and WMATA dispute that consent to the removal from Defendant, Ezra Porter, is required; however, he has provided his consent to the removal as timely as it could be obtained.

8.     Accordingly, MV and WMATA respectfully request that this Court reconsider its Order dismissing Plaintiff's Complaint and remanding the case to the Circuit Court for Prince George's County, Maryland and further requests that this Honorable Court re-open its case.

**WHEREFORE**, Defendants, MV Transportation, Inc. and Washington Metropolitan Area Transit Authority, respectfully request that this Honorable Court reconsider this Court's March 9, 2016 Order dismissing Plaintiff's Complaint and remanding this case to the Circuit Court for Prince George's County, Maryland and further request this Honorable Court re-open its case.

Respectfully submitted,

\_\_\_/s/_____
Andrew T. Stephenson (#26504)
Scarlett M. Corso (#30017)
FRANKLIN & PROKOPIK, P.C.
The B & O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
410-752-8700 (Telephone)
410-752-6868 (Facsimile)
astephenson@fandpnet.com
scorso@fandpnet.com
*Attorneys for Defendants, MV Transportation, Inc. and Washington Metropolitan Area Transit Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2016, a copy of the foregoing Defendants, MV Transportation, Inc. and Washington Metropolitan Area Transit Authority's Motion for Reconsideration of this Court's Motion For Reconsideration Of This Court's March 9, 2016 Order Dismissing Complaint And Remanding Case To The Circuit Court For Prince George's County, and proposed order, were served via CM/ECF system and mailed to: Mark T. Foley, Sasscer, Claggett & Bucher, 5407 Water Street, Suite 101, Upper Marlboro MD 20772, (301) 627-5500, mfoley@scblawyers.com, *Attorneys for Plaintiff*; Ezra Porter, Inmate #431495, Eastern Correctional Institution East, 30420 Revells Neck Road, Westover, MD 21890, *Defendant Pro Se;* Clerk of the Circuit Court for Prince George's County, Maryland, 14375 Main Street, Upper Marlboro, MD 20722 regarding Case No.: CAL15-25182.

/s/ *Scarlett M. Corso*
Scarlett M. Corso