# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LORRAINE SAVADGE,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSPORTATION AUTHORITY,<br>MV TRANSPORTATION, INC., and<br>EZRA PORTER,<br><br>    Defendants. | Civil Action No. TDC-16-0155 |

## ORDER

On February 11, 2016, the Court issued an Order granting Defendant Ezra Porter 21 days to notify the Court whether he consents to removal and warning that failure to do so would result in the remand of this case. On March 9, 2016, after Defendants Porter, Washington Metropolitan Area Transportation Authority ("WMATA") and MV Transportation, Inc. (collectively, "Defendants") failed to respond within the 21-day period, the Court issued an Order remanding the case to the Circuit Court for Prince George's County, Maryland. Presently pending before the Court is the Motion for Reconsideration of that Order, which was filed by WMATA and MV Transportation on March 18, 2016. The Motion is ready for disposition, and, contrary to WMATA and MV Transportation's request, ECF No. 24, a hearing is not necessary. *See* D. Md. Local R. 105.6.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal

or otherwise." 28 U.S.C. § 1447(d) (2012). Here, WMATA and MV Transportation removed this case pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, so the remand order is not reviewable. Section 1447(d) applies equally to motions for reconsideration. *See In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996). Although there are certain exceptions to § 1447(d) depending on the basis for remand, a district court may not reconsider an order to remand for a "defect in removal procedure." *See id.* (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–52 (1976)). On March 9, 2016, the Court remanded this case for a defect in removal procedure, namely failure to comply with the "unanimity requirement," *Mayo v. Bd. of Educ.*, 713 F.3d 735, 740–41 (4th Cir. 2013), despite granting Defendants an opportunity to correct it. Therefore, the Court cannot reconsider its Order. *See* 28 U.S.C. § 1447(d). In any event, Plaintiff Lorraine Savadge correctly notes that 28 U.S.C. § 1446 does not provide a separate basis for removal, so the consent of all parties was required. *See* 28 U.S.C. § 1446(b)(2)(A).

Accordingly, it is hereby ORDERED that the Motion for Reconsideration, ECF No. 21, is DENIED. The Clerk is directed to mail a copy of this Order to Ezra Porter, Inmate Identification No. 431495, at Eastern Correctional Institution East, 30420 Revells Neck Road, Westover, Maryland 21890.

Date: May 13, 2016

THEODORE D. CHUANG
United States District Judge